**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0053n.06

Case No. 16-1896

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MICHAEL POTTS, | ) | **FILED**<br>Jan 23, 2017<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellant, | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
|  | ) | DISTRICT OF MICHIGAN |
| GOBLES PUBLIC SCHOOL DISTRICT and its | ) |  |
| BOARD OF EDUCATION; JEFF REHLANDER | ) |  |
| individually and in his capacity as Superintendent | ) |  |
| for Gobles Public Schools; TERRY DOYLE, | ) |  |
| individually and in his capacity as a Board of | ) | **O P I N I O N** |
| Education Member of Gobles Public Schools; | ) |  |
| BRIAN BEAM, individually and in his capacity as | ) |  |
| a Board of Education Member of Gobles Public | ) |  |
| Schools; DANIEL WAHMHOFF, individually | ) |  |
| and in his capacity as a Board of Education | ) |  |
| Member of Gobles Public Schools; BONNIE | ) |  |
| MILLER, individually and in her capacity as a | ) |  |
| Board of Education Member of Gobles Public | ) |  |
| Schools; and MITCH SMITH, individually and in | ) |  |
| his capacity as a Board of Education Member of | ) |  |
| Gobles Public Schools, | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |

**BEFORE: SUHRHEINRICH, SUTTON, and McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.** Michael Potts, a teacher employed by Gobles Public

School District, was suspended for ten days without pay after allegedly slapping a student on the

arm. He now brings this 42 U.S.C. § 1983 action alleging he was denied constitutionally adequate due process in violation of the Fourteenth Amendment. Potts claims he has a property interest in continuing tenure, as created by Michigan's Teachers' Tenure Act, Mich. Comp. Laws §§ 38.71–38.191, and that the ten-day suspension temporarily deprived him of that interest without due process. Because any property interest created by the act was not implicated by Potts' suspension, we affirm the district court's dismissal of his claims.

**I**

*Factual Background*: Michael Potts has been an employee of Gobles Public Schools since 1966. Since then, he has taught various grades at the middle and high school level and served as a basketball coach. Throughout his career, Potts has received commendations and generally positive evaluations.

Then, on November 11, 2013, a student complained that Potts "slapped" her arm. Potts met with Superintendent Rehlander twice that day to discuss the allegation. In the first meeting, Potts denied inappropriately touching the student. In the second meeting, which also included the mother of the student who was allegedly slapped, Rehlander reportedly told Potts that he was *not* going to be disciplined because any contact was done in a joking fashion with no intent to harm. But, a day later, Potts was placed on administrative leave by the school district. And, about a month after that, he was given a written reprimand, suspended without pay for ten days, and advised that the "slap" was unprofessional misconduct.

Other repercussions flowed from this discipline. For one thing, Potts was relieved of his duties as basketball coach. For another, the conduct became part of Potts' permanent public record. Additionally, should Potts seek another teaching job in the state of Michigan, Gobles will need to report the November 11, 2013 misconduct to any prospective employer. Potts also

alleges that his poor performance evaluation that year—in which he was rated "minimally effective"—was arbitrarily based on the slap. Further, that relatively low performance rating subjected him to a personal improvement plan for the 2014–2015 school year and increases the chance of his losing his job should the district implement a reduction in force.

Subsequently, Potts filed a grievance protesting the discipline which was presented on his behalf at a March 5, 2014 Gobles Board of Education meeting. The Board refused to hear the grievance and dismissed it for "jurisdictional" reasons. By all accounts, Potts remains a teacher in Gobles Public Schools.

*Procedural History*: Faced with these circumstances, Potts filed a complaint in the Western District of Michigan. He brought suit against Gobles Public Schools, the Board of Education, Superintendent Rehlander, and the Board of Education members individually.[1] In the complaint, he alleges one count against all defendants, under 42 U.S.C. § 1983, asserting that his unpaid, ten-day suspension deprived him of a property interest without due process of law. In response, defendants submitted a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, finding that the property interest created by Michigan law was not implicated by Potts' ten-day suspension. (R. 37, Dist. Ct. Op., PID 389.). This appeal followed.

**II**

We review the district court's dismissal of Potts' complaint de novo. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain a claim that is "plausible on its face." *Id.*

---

[1]Those Board members are Terry Doyle, Brian Beam, Daniel Wahmhoff, Bonnie Miller, and Mitch Smith.

In reviewing the complaint, we accept its factual allegations as true, but need not accept its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

Potts claims he was deprived of a property interest without adequate process. In order to establish a claim under the Due Process Clause, Potts "must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

We begin by determining whether there was a property interest at stake. Such property interests are not created by the Constitution itself. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* It is not in dispute that Michigan's Teachers' Tenure Act, Mich. Comp. Laws §§ 38.71–38.191, creates a property interest. *See Tomiak v. Hamtramck Sch. Dist.*, 397 N.W.2d 770, 780 (Mich. 1986) (finding that tenured teachers have protected "tenure rights" under Michigan's Teacher Tenure Act). Rather, the disagreement lies in just how broadly we are to construe that interest.

The act's language—the source of the property interest—provides the scope. *See Roth*, 408 U.S. at 577–78. Here, the property interest granted by the Teacher Tenure Act is one in "continuing tenure." *See* Mich. Comp. Laws § 38.91(1); *Tomiak*, 397 N.W.2d at 778–81. Continuing tenure is provided as follows:

> After the satisfactory completion of the probationary period, a teacher is considered to be on continuing tenure under this act. A teacher on continuing tenure *shall be employed continuously* by the controlling board under which the probationary period has been completed *and shall not be dismissed or demoted* except as specified in this act.

Mich. Comp. Laws § 38.91(1) (emphasis added). Section 38.74 of the act defines "demote," in relevant part, as suspension without pay for fifteen or more consecutive days.

Potts argues that "shall be employed continuously" in § 38.91 means that continuing tenure is a broad interest such that anything more than a *de minimis* suspension from employment requires constitutionally adequate due process. Defendants argue that the continuing tenure interest is narrower, providing teachers with an employment interest in not being "dismissed or demoted" except as provided for in the act.

To begin with, Potts' reading of "employed continuously by" fails as a matter of plain meaning. The ordinary meaning of "employed" is binary: either you have a job or you don't. And the phrase "employed by" comes loaded with the inference that there is someone employing you—it speaks to a relationship with an employer. Thus, to be "employed continuously by" an employer would ordinarily mean that there is no point where you are not employed by that particular employer. *See also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 (1985) (public employees' *termination* implicated property rights in "continued employment"). Therefore, a teacher "employed continuously by the controlling board" remains at all times an employee of that board. It does not mean (as Potts contends) he can never be temporarily suspended or demoted by that board. The reason why should be obvious: in either circumstance, a teacher remains *employed by* the board—as Potts did here.

Moreover, Potts' construction uproots the phrase "employed continuously" from its surrounding language. We do not read words or phrases in isolation. *See Deal v. United States*, 508 U.S. 129, 132 (1993). And what Potts fails to note is that, immediately after the statute says a tenured teacher is to be employed continuously by a particular board, it goes on—*in that very same sentence*—to say "and shall not be dismissed or demoted except as specified in this act."

Mich. Comp. Laws § 38.91(1). Accordingly, the scope of the interest in "continuing tenure" cannot be understood without giving effect to the full sentence that provides its meaning.[2] That includes the sentence's second half, which limits the employing board's discretion in dismissing *or* demoting tenured teachers. *See also id.* § 38.101 ("discharge or demotion of a teacher on continuing tenure may be made only for a reason that is not arbitrary or capricious"). It is precisely this statutory limit on a board's discretion to *dismiss* or *demote* a tenured teacher that establishes the scope of the property interest established by the state law. *See Loudermill*, 470 U.S. at 538–39; *Med Corp. v. City of Lima*, 296 F.3d 404, 409–10 (6th Cir. 2002) ("in order to assert a property interest . . . [plaintiff] must point to some policy, law, or mutually explicit understanding that both confers the benefit and limits the discretion . . . to rescind the benefit.").

Thus, the interest in "continuing tenure" provided by the Teacher Tenure Act is an ongoing employment relationship between a particular board and a tenured teacher such that the board cannot "demote" or "discharge" the teacher absent constitutionally adequate procedures. *See* Mich. Comp. Laws § 38.91(1); *Kramer v. Van Dyke Pub. Sch.*, 351 N.W.2d 572, 575 (Mich. Ct. App. 1984) ("It is clear to this Court, that when a teacher, such as Plaintiff, alleges that a school board's action amounted to a 'discharge or demotion'. . . she is entitled to [Due Process requirements]."); *see generally O'Donnell v. NICE*, PDO 12-23 (Mich. Tenure Commission 2012) (finding a five-day suspension did not implicate due process property rights because it was not a "demotion" under Teacher Tenure Act). Potts does not claim he was either dismissed or demoted as it is defined in the act. *See* Mich. Comp. Laws § 38.74 (defining "demote," in

---

[2]Tellingly, in his briefs, Potts never provides the full sentence.

relevant part, as a suspension of fifteen days or longer). Thus, no property interest was implicated by his ten-day, without-pay suspension.[3]

Moreover, assuming arguendo that the suspension *did* implicate a property interest, Potts was not denied adequate process. Potts met with Superintendent Rehlander twice before he was suspended. In those meetings, he was made aware of the student's allegation about the slap and given the opportunity to present his side of the story. In the circumstances of this short-term suspension, Due Process requires nothing more. *See Loudermill*, 470 U.S. at 546 (holding that, prior to *termination*, "[t]he tenured employee is entitled to oral or written notice of the charges against him, an explanation of the employee's evidence, and an opportunity to present his side of the story"). Thus—even *if* we were to find the suspension implicated a property interest—Potts has failed to allege a Due Process violation. The district court properly dismissed his complaint.

## III

For the foregoing reasons, the ruling of the district court is AFFIRMED.

---

[3]And Potts fails to show (and does not argue on appeal) that the suspension's ramifications, including Potts' lost coaching job and any reputational damage he may have suffered, constitute independent deprivations of any other property or liberty interests protected by the Fourteenth Amendment.